IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Annette I. Riley, | Civil Action No. 3:19-cv-01796-JMC |
| Plaintiff, | |
| v. | |
| Civil Action No. 2014-CP-32-00665; Civil Action No. 2014-CP-32-04060; Rebecca L. Adams; Irmo Magistrate Court; Timothy Driggers; Warren Henderson, Jr.; James O. Spence; Nationstar Mortgage, LLC; Countrywide Home Loans, Inc. *c/o Bank of America*, *N.A.;* Allied Investment Group of SC, LLC, | **ORDER AND OPINION** |
| Defendants. | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 15), filed on July 23, 2019. In the Report, the Magistrate Judge addresses Plaintiff Annette I. Riley's action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964. The Magistrate Judge, finding no cognizable claim that met the jurisdictional requirements of this court, recommends that the Complaint be summarily dismissed with prejudice and without issuance and service of process. For the reasons stated herein, the court **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice and without issuance and service of process.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 15.) As brief background, Plaintiff, proceeding *pro se*, brought an action against Defendants, alleging Defendants violated RICO in two South Carolina foreclosure actions in which Plaintiff was involved. Plaintiff names as Defendants in this action

1

the magistrate, the master in equity, and the two special referees that dealt with her case, as well as the mortgage holders that instituted the foreclosure proceedings against her.

Plaintiff accuses Defendants of committing "predicate acts"[1] that are necessary to establish a civil cause of action pursuant to RICO.[2] (ECF No. 1.) Plaintiff claims that these acts include not ruling on her motions, presiding over cases without taking an oath of office, presiding over her case after having recused themselves, and failing to provide her notice of hearings. (*Id*. at 5-8.)

On July 23, 2019, the Magistrate Judge issued a Report. (ECF No. 15.) The Report reasoned that this "case was subject to summary dismissal because Plaintiff fails to demonstrate federal jurisdiction in this matter." (*Id.* at 3.) Moreover, the Report finds the claims alleged "collaterally attack the validity of state court civil cases under the guise of a RICO claim" and the claims are "patently meritless." (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The

---

[1] A predicate act is defined as follows:

> "under RICO, [as] one or two more related acts of racketeering necessary to establish a pattern. An act must be completed before legal consequences can attach either to it or to another act or before further action can be taken. A predicate act itself may be criminalized if it is followed by or performed in tandem with another prohibited act. In statutes, words such as "if" often precede a description of a predicate act."

Predicate Act, *Black's Law Dictionary* (10th ed. 2014).

[2] The elements of a civil RICO claim are that a person engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C. § 1962(c); *Palatkevich v. Choupak*, 152 F. Supp. 3d 201, 214 (S.D.N.Y. 2016).

2

court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were advised of their right to file specific objections to the Report within fourteen (14) days of the date of service. (ECF No. 15.) Objections to the Report were due by August 6, 2019. If a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6, objections were due August 9, 2019. Defendants did not file objections to the Report. Plaintiff filed her Objections (ECF No. 21) on August 27, 2019, well after either the August 6, 2019 or August 9, 2019 deadlines. Given that Plaintiff's Objections are untimely, the court need not consider them for the purposes of reviewing the Report. *See Taylor v. Gainey*, 203 F. App'x 426, 427 (4th Cir. 2006) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that

recommendation when the parties have been warned of the consequences of noncompliance.").

In the absence of timely specific objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Nonetheless, in the instant case, the court has carefully examined the findings of the Report and concludes that Plaintiff has failed to make a meritorious claim that has a basis for federal jurisdiction. Additionally, the court agrees with the Magistrate Judge that Plaintiff's allegations do not demonstrate violations of RICO.

## IV. CONCLUSION

After a thorough review of the Report and Recommendation (ECF No. 15), the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice[3] and without issuance and service of process. The court further **DENIES AS MOOT** the remaining Motions pending in this matter. (ECF Nos. 5, 12.) As a result of the foregoing, the court **ACCEPTS** the Magistrate Judge's Reports and Recommendations submitted on July 3, 2019 (ECF No. 6), and on July 23, 2019 (ECF No. 15), and incorporates them herein by reference.

---

[3] When determining whether to dismiss Plaintiff's Complaint with prejudice, the court must determine whether the Complaint could be amended and filed with claims over which the court has jurisdiction. "To the extent, however, that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating this dismissal to be without prejudice. Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend." *McLean v. U.S.*, 566 F.3d 391 400-401 (4th Cir. 2009) (*citing Cozzarelli v. Inspire Pharms. Inc.,* 549 F.3d 618, 630 (4th Cir. 2008)). The Report makes clear that Plaintiff's allegations are insufficient to constitute a RICO cause of action and Defendants should not have to respond to claims improperly before the court. In this regard, the Complaint's deficiencies cannot be cured, and any amendment would be futile. For these reasons, the court dismisses Plaintiff's action with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 23, 2019
Columbia, South Carolina